IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MICHAEL MORRIS,** | Civil Case Number: |
| **Plaintiff,** | **CIVIL ACTION** |
| -against- | **COMPLAINT** |
| | **AND** |
| **SNATCHMASTERS, LLC and** | **DEMAND FOR JURY TRIAL** |
| **WESTLAKE FINANCIAL SERVICES,** | |
| **Defendants.** | |

Plaintiff MICHAEL MORRIS (hereinafter, "Plaintiff"), a Georgia resident, brings this Complaint by and through the undersigned attorneys against Defendants SNATCHMASTERS, LLC and WESTLAKE FINANCIAL SERVICES (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally repossessed his vehicle even though they did not have an enforceable security interest in his vehicle, thereby violating the Georgia UCC. Plaintiff also brings a claim for the illegal repossession of his vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages, punitive damages and actual damages, as well as attorneys fees and costs.

1

## PARTIES

5. Plaintiff is a natural person and a resident of Jonesboro, Georga and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant SNATCHMASTERS, LLC, (hereinafter referred to as "SnatchMasters"), is a repossession company, with its principal place of business in Jonesboro, Georgia.

7. Upon information and belief, Defendant SnatchMasters is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant SnatchMasters is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Westlake Financial Services ("Westlake") is an auto lender, headquartered in Los Angeles, California.

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

11. The Plaintiff owns a 2013 Chevy Equinox, which he paid for in full in cash.

12. Plaintiff purchased the Chevy Equinox on October 7, 2023 from KO Towing, following a lien foreclosure sale ordered by the Magistrate Court of Gwinnett County on May 17, 2023.

13. The Plaintiff does not have any loans or liens encumbering the title of this vehicle.

14. While owned by the Plaintiff, the vehicle has always had a clean title and no liens recorded against the title.

15. Plaintiff has never been aware of any liens or financing secured by the vehicle.

16. Following the purchase of the vehicle, the Plaintiff then spent thousands of dollars on

necessary repairs for the vehicle.

17. Upon information and belief, however, and unbeknownst to Plaintiff, Westlake supposedly claims that it has a security interest in the Chevy Malibu.

18. As a result, Westlake apparently contracted with SnatchMasters to repossess the Plaintiff's vehicle.

19. Upon information and belief, after being contracted by Westlake to repossess the Plaintiff's vehicle, SnatchMasters proceeded to carry out the actual repossession.

20. On November 7, 2023, the Plaintiff discovered that his vehicle was gone.

21. Believing the vehicle to be stolen, the Plaintiff immediately called the police to report the vehicle as stolen.

22. The police advised that the car had been repossessed by SnatchMasters.

23. The Plaintiff then immediately called SnatchMasters to notify them that they had taken his car.

24. The SnatchMasters representative initially refused to give the Plaintiff any contact information on what financial company had hired them to repossess the vehicle or provide any other information about the vehicle.

25. Mr. Morris explained to the SnatchMasters representative that he was the owner of the vehicle, and that he had purchased the vehicle at auction the month prior.

26. After hanging up on Mr. Morris several times, the SnatchMasters representative finally told Mr. Morris to call Westlake, as the lender who had ordered the repossession.

27. Despite multiple calls and emails to Westlake, Westlake has refused to return the Plaintiff's vehicle or tell him why they ordered the repossession of that vehicle.

28. To this day, the Plaintiff has not recovered the possession of his vehicle.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*
### (Against SnatchMasters)

29. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

30. Plaintiff brings this Count against Defendant SnatchMasters.

31. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

32. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C) the property is exempt by law from such dispossession or disablement.

33. At the time of the repossession, SnatchMasters did not have an enforceable security interest in the Plaintiff's vehicle, but they seized the vehicle anyway and then held that vehicle even after they were alerted that they had no right to take the vehicle.

34. Furthermore, because the Defendant did not have an enforceable security interest in the vehicle, the vehicle was clearly exempt by law from dispossession.

35. As a result, Defendant SnatchMasters violated 15 USC § 1692f(6) when it repossessed the Plaintiff's vehicle.

36. By illegally repossessing the Plaintiff's vehicle in violation of the FDCPA, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection

activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

37. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing him to waste time and effort in trying to regain possession of the vehicle and by depriving him of the use of his vehicle.

38. By reason thereof, Defendant SnatchMasters is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL REPOSSESSION**
**OCGA § 11–9–609(b)(2)** *et seq.*
**(Against All Defendants)**

39. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

40. Georgia only permits self-help repossession of consumer motor vehicles only after default, and only where the lender has an enforceable security interest. OCGA § 11–9–609(b)(2).

41. At the time of the repossession, the Defendants did not have an enforceable security interest in the Plaintiff's vehicle, but they seized the vehicle anyway and then held that vehicle for a period of time, even after they were alerted that they had no right to take the vehicle.

42. As a direct and proximate result of the Defendant's illegal repossession, Plaintiff suffered damages, including the loss of use of the vehicle, the loss of the right to pre repossession judicial process, as well as mental and emotional harm including frustration and

embarrassment.

43. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

44. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing him to waste time and effort in trying to regain possession of the vehicle and by depriving him of the use of his vehicle.

### COUNT III
### CONVERSION
### (Against All Defendants)

45. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. As set forth above, the Defendants wrongfully repossessed the Plaintiff's vehicle even though they had no enforceable security interest in the vehicle and Plaintiff was instead entitled to the present use of his own vehicle.

47. The Defendant then held Plaintiff's vehicle for a period of time, and continue to hold onto that vehicle, thereby exercising control over the Plaintiff's property.

48. Defendant's conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding his vehicle.  Defendant further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in

6

depriving him of the use of his vehicle, in causing Plaintiff to waste countless hours in trying to recover his vehicle, and by subjecting him to unfair and unconscionable means to collect a debt.

49. Defendant's illegal activity also harmed the Plaintiff by causing him to suffer monetary damages, anger, anxiety, emotional distress, frustration and embarrassment.

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    awarding Plaintiff his actual damages incurred, as well as punitive damages;

    (b)    awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

    (c)    Awarding pre-judgment interest and post-judgment interest; and

    (f)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 31, 2024

By: */s/ Misty Oaks Paxton*
    Misty Oaks Paxton, Esq.
    THE OAKS FIRM

3895 Brookgreen Pt.
Decatur, GA 30034
Tel: (404) 500-7861
Email: attyoaks@yahoo.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
**Pro Hac Vice To Be Filed**